UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAINSTREAM ADVERTISING, INC., <br> Plaintiff, <br> v. <br> MONIKER ONLINE SERVICES, LLC, <br> Defendant. | Case No. 17-mc-80102-RS <br><br> **ORDER FOR BRIEFING** |

This is a miscellaneous matter opened for purposes of registering a judgment the party denominated here as plaintiff, Mainstream Advertising, Inc., obtained against Moniker Online Services, LLC in a Southern District of Florida case originally filed by Moniker.

On August 21, 2017, Mainstream filed a motion for a temporary restraining order seeking, essentially, an asset freeze. The matter was reassigned to the undersigned this afternoon.

Mainstream has already obtained a judgment, and registered it here. Rule 69(a)(1) of the Federal Rules of Civil Procedure provides: "A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Mainstream has shown neither that equitable injunctive relief is procedurally appropriate, nor that it is necessary, given the rights a judgment creditor has to obtain judgment liens under California law

as incorporated by Rule 69.  Furthermore, "[t]he procedural posture of this case does not lend itself to the legal analysis normally applicable to requests for temporary restraining orders and preliminary injunctions . . . ." *Rolex Watch U.S.A., Inc. v. Zhou*, 2009 WL 10674286, at *2 (C.D. Cal. Apr. 14, 2009)

No later than Thursday, August 24, 2017, at 5:00 p.m., Mainstream may file a supplemental brief, not to exceed 7 pages, presenting any authority it may have to support the procedural propriety and the necessity of issuing an equitable asset freeze under these circumstances, responding to this order and the points set out in *Rolex Watch.* Mainstream shall also make all reasonable efforts to ensure that appropriate legal representatives of Moniker receive actual notice and a copy of this order forthwith, and shall file a declaration describing those efforts.

Moniker may file any response to this motion by the same 5:00 p.m. deadline on August 24th.  The matter will then be submitted for decision or set for hearing, in the court's discretion.

**IT IS SO ORDERED**.

Dated: August 22, 2017

RICHARD SEEBORG
United States District Judge